The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CLYDE MUDGETT,<br><br>        Plaintiff,<br><br>    v.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; and KALEB TUELLER AND "JANE DOE" TUELLER, husband and wife,<br><br>        Defendants. | NO. 13-05537 BHS<br><br>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>NOTED ON: Friday, June 20, 2014 |

## I.    INTRODUCTION

This is a personal injury case that was removed to this Court based on diversity jurisdiction. In a personal injury case governed by Washington law, the Plaintiff must present expert medical opinion testimony on causation—that is, testimony that the claimed injuries result from the accident in question. Plaintiff Clyde Mudgett cannot meet his burden in this case. Therefore, Defendants Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints and Kaleb Tueller move for summary judgment.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 1
No. 13-05537 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Mr. Mudgett's claim arises from an ultra-low speed incident in June 2010 in stop-and-go traffic on I-5. The car driven by Defendant Mr. Tueller apparently tapped the rear of the pickup truck drive by Mr. Mudgett. To call it a "fender bender" would be an overstatement—there was no damage to either vehicle, not even a bent fender. Indeed, Mr. Mudgett concedes he experienced nothing more than a "mild bump." At the scene, Mr. Mudgett assured Mr. Tueller that he, Mr. Mudgett, was fine. Despite the "mild bump," Mr. Mudgett has not worked since June 2010. He claims as a result of the "mild bump" that he has suffered neck and back pain and has incurred more than $112,000 in medical bills.

Prior to the incident that gave rise to this suit, Mr. Mudgett had a significant and well-documented history of multiple injuries to his neck and back. Given Mr. Mudgett's medical history, and the circumstances of the collision, the treating doctor that Mr. Mudgett designated to testify on his behalf regarding causation was unable to do so. Since Mr. Mudgett lacks the required medical evidence supporting the element of proximate cause, Defendants respectfully request that this Court grant summary judgment in their favor and dismiss all of Plaintiff's claims.

## II.   FACTS

**A.   Mr. Mudgett's Prior History of Neck and Back Pain.**

   **1.   The 2004 Accident**

In January 2004, Mr. Mudgett was driving a minivan at approximately 40 miles per hour when he crashed into a car that turned in front of him. The car he was driving was totaled, and he sustained substantial neck pain, back pain, and headaches resulting from the collision.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2
No. 13-05537 BHS

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Declaration of Michael Rosenberger, Ex. 1 at 23:12-20.[1]  As a result of the accident, Mr. Mudgett was unable to work for approximately two months.  *Id.* at 24:6-12.  When he returned to work, he was unable to resume his normal duties and was only able to perform "light duty" work for another eight to ten months.  *Id.*

Mr. Mudgett's neck and back pain from the January 2004 accident extended well into 2005—more than a year and half later.  *Id.* at 24:21-24.  On June 2, 2005, Mr. Mudgett had an appointment with his doctor, a physiatrist named Richard E. Seroussi, M.D.  Dr. Seroussi's chart notes from this appointment indicate that Mr. Mudgett complained of the following symptoms: "Overall not recently improving.  Rates pain between five and nine/ten.  A lot of pain at night sleeping 2-3 hours at a time….  Pain is described as achy, sharp, and constant."  Ex. 2 at 1; Ex. 1 at 28:23-29:4; Ex. 3 at 34:24-35:14.  Dr. Seroussi's "Assessment" was "cervical injury, right worse than left side, with probable underlying joint injuries" and "thoracolumbar injury. . . . likely with underlying joint injury."  Ex. 2 at 2.  Dr. Seroussi testified that at this point in time Mr. Mudgett's condition was one of "chronic pain."  Ex. 3 at 35:4-14.  Dr. Seroussi noted in his "Plan" that "I do not have straightforward solutions for what is becoming a more chronic injury."  Ex. 2 at 2.

Mr. Mudgett claims that the chronic pain subsided after another two to four months—in other words, 20 to 22 months after the January 2004 incident.  Ex. 1 at 25:2-8.  However, he also concedes that he was told during this period of time that he had degenerative disc disease in his cervical spine, and that he was advised that this made it more likely he would experience neck and back pain in the future.  *Id.* at 26:3-6 and 22-25.

---

[1] All subsequent citations to exhibits refer to attachments to the Rosenberger declaration.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3
No. 13-05537 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Mr. Mudgett's 2004 accident was not his first.  According to medical chart notes from 1996, by the age of 20 he already had "a fairly impressive orthopedic history."  Ex. 4.  Some of this impressive medical history involved injuries to his neck and back.

- March 1993:  According to chart notes from Elma Family Medicine dated April 30, 1993, Mr. Mudgett was involved in a car accident in which he was hit from behind by a car going approximately 15 miles per hour.  Ex. 5.  Mr. Mudgett sustained neck, back and leg pain.

- February 1996:  Mr. Mudgett wrecked his car in another accident on February 7, 1996.  He was driving on Highway 101 when he slid from the right lane, across the left lane and smashed into the concrete barrier separating the lanes of traffic.  Ex. 6.  The car was totaled and he had to be freed from the vehicle by fire department workers.  He had "neck, right lumbosacral and right anterior hip pain."  *Id.*

- February 1996:  According to chart notes dated February 20, 1996, Mr. Mudgett was involved in a motorcycle accident (apparently shortly after the accident in which he totaled his car) in which he was thrown from the bike.  Ex. 4.

### 2. The 2007 Injury

On February 6, 2007, Mr. Mudgett had a work-related injury as a result of attempting to catch a falling sign. Ex. 1 at 30:3-14.  Chart notes dated September 24, 2007 from Mr. Mudgett's doctor demonstrate that more than seven and a half months after that injury Mr. Mudgett was still experiencing "moderate to severe pain" in his neck and was having low back pain. Ex. 7 at 1; Ex. 1 at 32:6-24.  Mr. Mudgett was unable to work for a period of time after this

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4
No. 13-05537 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

injury. Ex. 1 at 30:10-12. As with his 2004 injury, when he returned to work, he was unable to assume his regular duties and had to perform "light duty" work. *Id.* at 33:4-15. This pain continued at least through the end of 2007. *Id.* at 33:19-25. Mr. Mudgett claims that he subsequently regained his full health.

**B.    The June 2010 Accident that is the Subject of this Suit.**

On June 7, 2010, Mr. Mudgett was driving his company's pickup truck on I-5. Mr. Mudgett testified the traffic was "very heavy," stop-and-go. Ex. 1 at 40:2-8. He confirms that the traffic was such that he was continually on and off of the brake pedal. He had turned his head to the right to look at a semi-tractor behind him that made a noise. At that point the car behind him contacted his pickup truck.

> Q   Now, what did you experience at the time that the car behind you contacted your truck; would you describe it as a mild bump or what?
> A   A mild bump.

*Id.* at 41:21-24. Mr. Mudgett further admitted he could not state the speed of the vehicle that hit his truck.[2] *Id.* at 41:7-9.

Defendant Kaleb Tueller was driving the car behind Mr. Mudgett's pickup truck. At that time, Mr. Tueller was serving a mission for The Church of Jesus Christ of Latter-day Saints and was driving a Church-owned Toyota to an appointment with another missionary. He confirms Mr. Mudgett's testimony that the traffic was very heavy. Mr. Tueller states that he was not even applying his foot to the gas pedal; when he wanted to move forward, he simply took his foot off the brake and the car would roll forward. Declaration of Kaleb Tueller, ¶ 3. It was during one of

---

[2] Although Mr. Mudgett admitted under oath that he had no knowledge of the speed of the car, he apparently exaggerated the nature of the incident in discussions with doctors, claiming on one occasion he was hit at 15 miles per hour and on another occasion he stated he was hit at 40 miles per hour. Ex. 3 at 38:11-14; Ex. 8; Ex. 1 at 55:5-25.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 5
No. 13-05537 BHS

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

these occasions that he turned to look to his right at a man in a truck who was waving and yelling at Mr. Tueller.  When he turned back to look ahead, he saw the pickup truck stopped and he reapplied the brake.  He was unsure if he had even hit the car, but when the pickup signaled that it was moving to the left to get off the road, Mr. Tueller followed.  *Id*. at ¶ 4.  On the side of the road, he asked Mr. Mudgett if he was hurt and Mr. Mudgett confirmed he was not.  *Id*. at ¶ 5.  After exchanging information with Mr. Mudgett and confirming that there was no damage to either vehicle, the parties went their separate ways.

Mr. Mudgett admits that the "mild bump" resulted in no damage to either vehicle.  Ex. 1 at 46:23-47:3.  Mr. Mudgett also confirms that the following photographs reflect the condition of his pickup truck and Mr. Tueller's vehicle, respectively, after the accident.



DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 6
No. 13-05537 BHS

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292



Exs. 9-10; Ex. 1 at 47:14-48:2.

### C.     Plaintiff Cannot Prove the Accident Caused His Claimed Injury.

Since the "mild bump" on June 27, 2010, Mr. Mudgett has complained to a series of medical care providers (a chiropractor, physical therapists, and various doctors) of neck pain, low back pain, and headaches, which has led to prolonged and expensive medical treatment. Although his doctor cleared him for light duty work at least as early as January 2011, Exhibit 3 at 54 – 57, Mr. Mudgett has not worked since June 2010. Mr. Mudgett continues to complain of neck and back pain.

Mr. Mudgett cannot establish that his subjective complaints of pain, and the treatment he received for them, were caused by the incident for which he sues the Defendants. In his Expert Witness Disclosures, Exhibit 11, Mr. Mudgett identified one medical care provider, Dr. Seroussi, who would testify on causation. Dr. Seroussi treated Mr. Mudgett for the 2004 accident and again after the 2010 "mild bump." Plaintiff's Expert Disclosures stated that Dr. Seroussi was

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 7
No. 13-05537 BHS

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

expected to testify "that Mr. Mudgett sustained injuries to his neck and back and suffers from myofascial pain as a result of the collision at issue;…" *Id.*

However, in his deposition, Dr. Seroussi stated he could not offer a medical opinion on causation:

> This is a really complex claim. And, you know, looking at all of the data, ***I don't think I can say it is more probable than not, in other words, I think it is only possible, but not probable that these symptoms we were treating him for are attributable to the 2010 crash. It's only possible, it's not probable.***

Ex. 3 at 66:13 – 67:16 (emphasis added). [3]

### III.    ARGUMENT

On closely analogous facts, the Washington Court of Appeals held that the trial court had correctly dismissed a plaintiff's injury claim based on the absence of medical testimony that the defendant's conduct had caused the conditions from which the plaintiff suffered. *Fabrique v. Choice Hotels Int'l Inc.*, 144 Wn. App. 675, 183 P.3d 1118 (2008).  This Court should follow *Fabrique* and dismiss Mr. Mudgett's claim.

Plaintiff in *Fabrique* contracted salmonella at a restaurant operated by defendant. Thereafter, Dr. Gary Craig, a rheumatologist, diagnosed Ms. Fabrique with a form of arthritis. At issue was whether the salmonella caused the arthritis.  The defendant moved for summary judgment in the trial court, arguing that there was no medical evidence to support proximate cause or the fact that the plaintiff's particular diagnosis was related to the salmonella exposure. The trial court granted the motion.

---

[3] In his Expert Witness Disclosures, Plaintiff listed another physiatrist, Virtaj Singh, M.D., and a psychologist, Alan Weisser, Ph.D, as offering opinion testimony about the reasonableness of care, but not on causation.   Ex. 11. Consistent with this, these providers testified at deposition that they were not offering an opinion on causation. Ex. 12 at 8:13-22; Ex. 13 at 27:14-21.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 8
No. 13-05537 BHS

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

The Court of Appeals began by reciting the well-established standard for determining when proximate cause can be determined as a matter of law:

> While the issue of proximate cause is ordinarily a question for the jury, "'when the facts are undisputed and the inferences therefrom are plain and incapable of reasonable doubt or difference of opinion it may be a question of law for the court.'" Accordingly, the issue of proximate cause may be determined on summary judgment where the evidence is undisputed and only one reasonable conclusion is possible.

*Id.* at 683 (internal citations omitted). As relates to injury cases, the plaintiff must prove proximate cause by offering competent medical expert testimony that defendant's actions caused the alleged injury. "Expert medical testimony is necessary to establish causation where the nature of the injury involves 'obscure medical factors that are beyond an ordinary lay person's knowledge, necessitating speculation in making a finding.'" *Id.* at 685 (quoting *Riggins v. Bechtel Power Corp.*, 44 Wn. App. 244, 254, 722 P.2d 819 (1986)).

As in the present case, the defendant in *Fabrique* relied on the testimony of the plaintiff's treating physician. Dr. Craig could not provide an opinion as to the cause of the plaintiff's arthritic condition. The Court of Appeals thus concluded that "Ms. Fabrique failed to meet her burden on summary judgment to come forward with expert medical testimony establishing a causal link between the salmonella-contaminated food and her injuries." *Id.* at 688. The court thus affirmed the trial court's order granting summary judgment.

Returning to our case, expert medical testimony is required. By Dr. Seroussi's own admission, Mr. Mudgett's medical condition is "complex"—even for a trained doctor. As in *Fabrique*, Mr. Mudgett clearly anticipated that his treating physician, Dr. Seroussi, would offer testimony that, to a reasonable degree of medical certainty, Mr. Mudgett's injuries were caused

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 9
No. 13-05537 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

by the June 2010 accident. However, as we have seen, Dr. Seroussi was unable to do so, stating "*it's only possible, it's not probable*" that the June 2010 accident caused Mr. Mudgett's injuries. This is insufficient as a matter of law. As the *Fabrique* court noted:

> Medical testimony as to a causal relationship between the negligent act and the subsequent injuries or condition complained of ***must demonstrate "'that the injury "probably" or "more likely than not" caused the subsequent condition***, rather than that the accident or injury "might have," "could have," or "possibly did" cause the subsequent condition.'"

*Id.* at 687 (emphasis added).

Because Dr. Seroussi's testimony does not establish that Mr. Mudgett's injuries were probably caused by the June 2010 accident, Plaintiff fails to meet his burden on summary judgment to come forward with expert medical testimony establishing that his injuries were proximately caused by the accident. For this reason, summary judgment in favor of Defendants must be granted.

## IV. CONCLUSION

For the reasons stated above, Defendants request that this Court grant summary judgment and dismiss all of Plaintiff's claims with prejudice.

///

///

///

///

///

///

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 10
No. 13-05537 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 29th day of May, 2014.

          **GORDON TILDEN THOMAS & CORDELL LLP**
          Attorneys for Defendants

     By   *s/Michael Rosenberger*
          Michael Rosenberger, WSBA #17730
          Matthew F. Pierce, WSBA #34019
          1001 Fourth Avenue, Suite 4000
          Seattle, Washington 98154
          Telephone:  (206) 467-6477
          Facsimile:  (206) 467-6292
          Email:    mrosenberger@gordontilden.com
          Email:    mpierce@gordontilden.com

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 11
No. 13-05537 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## DECLARATION OF SERVICE

I hereby certify that on May 29, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorney for Plaintiff:**
Shawn B. Briggs
BRIGGS & BRIGGS
10222 Gravelly Lake Drive S.W.
Tacoma, WA  98499
E-Mail:          sbriggs@briggsandbriggs.com

*s/Michael Rosenberger*
Michael Rosenberger, WSBA #17730

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 12
No. 13-05537 BHS

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292